IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD B. KELLY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **07-339-JPG** |
| | ) | |
| **JACOB D. NULL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are three related motions:

• Nonparty Tamms Correctional Center's Motion to Quash Subpoena **(Doc. 40)**;

• Plaintiff's Motion to Strike **(Doc. 42)**; and

• Plaintiff's Motion to Compel Discovery **(Doc. 45)**.

**Doc. 42** is, in effect, a response to **Doc. 40**. Defendants filed a response to **Doc. 45** at

**Doc. 49.**

This motion concerns a subpoena issued by plaintiff to TAmms Correctional Center,

dated May 30, 2009. The subpoena commands the production of plaintiff's medical records,

mental health records, disciplinary tickets, procedures regarding use of spit hoods, and

videotapes of the events of March 11, 2006.

In **Doc. 40**, Tamms Correctional Center objects to producing documents relating to the

procedures for the use of spit hoods, as production of those procedures would pose a threat to the

safety and security of the institution. In addition, Tamms argues that those documents are

irrelevant to the issues in this case.

In **Doc. 42**, plaintiff asks the Court to strike the Motion to Quash because, according to plaintiff, the motion to quash has no merit and is a waste of paper and ink.

In **Doc. 45**, plaintiff asks the Court to compel Tamms to produce the documents requested in the subpoena at issue. In paragraph 4 on page 2, he states "She can keep the spit hood papers. I need the files to copy to complete discovery."

In its response to **Doc. 45**, Tamms states that plaintiff has been informed that it will produce copies of the requested documents (expect for the spit hood documents) when plaintiff has paid the fee for the copies. Tamms also states that plaintiff "has not arranged payment for copies of the records." **Doc. 49, ¶3**.

The motion to quash, **Doc. 40**, is well-taken. The spit hood procedures are irrelevant to the issues in this case. Further, in **Doc. 45**, plaintiff conceded that Tamms need not produce the spit hood documents.

Tamms Correctional Center is correct in its position that plaintiff must pay for copies. There is no constitutional "right to xerox." *Jones v. Franzen*, **697 F.2d 801, 803 (7th Cir. 1983).** Tamms is not required to absorb the cost of copying the documents for plaintiff. Plaintiff has no right to have his litigation funded by the defendants or by the public. *Johnson v. Daley*, **339 F.3d 582, 586 (7th Cir. 2003)**. Plaintiff states in **Doc. 45** that Tamms can charge the cost of the copies to his account. While that may or may not be accurate, simply making this statement in a court pleading is not sufficient; if plaintiff wants Tamms to copy the documents and give him the copies, he must make definite arrangements with the prison for payment of the costs.

For good cause shown, Tamms Correctional Center's Motion to Quash Subpoena **(Doc. 40)** is **GRANTED**. The part of the subpoena that seeks documents relating to the use of

spit hoods is quashed.

Plaintiff's Motion to Strike and Motion to Compel Discovery **(Docs.  42 & 45)** are

**DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  August 10, 2009.**

                       **s/ Clifford J. Proud**
                       **CLIFFORD J. PROUD**
                       **U. S. MAGISTRATE JUDGE**