IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD B. KELLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-339-GPM |
| | ) |
| **JACOB D NULL, Lieutenant, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the question of the imposition of sanctions on Plaintiff Richard B. Kelly. Beginning on October 13, 2009, the Court conducted a two-day trial on the civil rights claims asserted in this case and in a related case, *Kelly v. Null*, Civil No. 08-322-GPM (S.D. Ill. filed May 1, 2008), under 42 U.S.C. § 1983 by Kelly, who is in the custody of the Illinois Department of Corrections and who currently is serving his sentence of life imprisonment at the closed maximum security facility at the Tamms Correctional Center in Tamms, Illinois. On October 14, 2009, the jury returned a verdict in favor of Defendants Jacob D. Null, Jamie Sisk, Terry Caliper, John Branche, and Shane Osman and against Kelly. On October 19, 2009, Kelly, who is proceeding pro se, wrote a letter to the Court, the text of which the Court reproduces here as follows:

> Dear: Pussy-ass, Patrick Murphy,
>
> First off, your pussy-ass ant [sic] God. You wish me call you – honor. Pussy, please. I had a case to put on, or I'd let your bitch ASS know your shit stink too, bilh [sic]!! You are white trash. A bigot. You kept putting little comments out to the jury pool.

> Man, Fuck you and the NONE hearing Marvin Power.  You sound like a pro cock-sucker Like Pretty boy.  I'm sending copy this to Miss hot-Ass Molly Clayton.  You WER [sic] try to show-out on me.  (Front on me) AS *WE* SAY.
>
> SEE ya, chump.
>
> (signed) Richard B. Kelly

Scrawled at the foot of Kelly's letter are two additional comments:  "Your a bigot you Racist bitch! You ant [sic] better then NO ONE!"; and "Like you shit roses or something."[1]

The abusive and obscene language Kelly chooses to employ in his letter is detrimental to the dignity of the Court, of course, and sets a very poor example for other litigants, in particular the legion of prison inmates prosecuting actions pro se in this Court.  Other courts have found language as scabrous or possibly even less so than Kelly's to warrant sanctions.  *See, e.g., Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (finding that an inmate was an abusive litigant where the inmate wrote "threats, obscenities, and profanities" on letters returned to both the trial court and the appellate court); *Washington v. Alaimo*, 934 F. Supp. 1395, 1396 (S.D. Ga. 1996) (imposing sanctions on an inmate who filed a document entitled "Motion to Kiss My Ass" in which he moved "all Americans at large and one corrupt Judge Smith [to] kiss my got [sic] damn ass sorry mother fucker you."); *Tasse v. Simpson*, 842 So. 2d 793, 794-96 (Fla. 2003) (sanctioning a litigant who used obscenities in submissions to the court and who addressed the judges of the court

---

1. As should be apparent to the reader, the Court has endeavored to reproduce the peculiarities of the spelling, syntax, and orthography employed in Kelly's letter.  This is done in fairness to Kelly, so that it cannot be claimed that the Court has distorted or misrepresented his remarks.  The Court finds some parts of the letter rather inscrutable, although Kelly's meaning is clear enough in the main, of course.  "Marvin Power" presumably is a reference to Defendant Marvin Powers, who was dismissed as a party to Case No. 08-322 on August 31, 2009.  "Molly Clayton" presumably is a reference to the undersigned District Judge's official court reporter, Molly Clayton.  The emphasis in the Court's reproduction of Kelly's letter is in the original.  A copy of Kelly's letter is attached to this Order as an appendix.

as "Nazis").[2]  Accordingly, the Court turns to the matter of the proper procedural vehicle by which to impose sanctions on Kelly.  "It is axiomatic that district courts possess inherent authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Holmes v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 3425961, at *6 (S.D. Ill. Oct. 21, 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  "This authority encompasses the power to impose sanctions when necessary to serve 'the interests of justice.'"  *Id.* (quoting *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)).  Correspondingly, the Court has power to hold parties in civil contempt where necessary to coerce compliance with its orders or in criminal contempt to punish violations of those orders.  *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737-38 (7th Cir. 1999); *Doe v. Maywood Hous. Auth.*, 71 F.3d 1294, 1296-97 (7th Cir. 1995); *H.K. Porter Co. v. National Friction Prods. Corp.*, 568 F.2d 24, 27 (7th Cir. 1977).  However, the Court prefers to proceed under the Federal Rules of Civil Procedure, rather than its inherent powers, where an issue in a case is governed by a specific procedural rule.  *See Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *6 n.6 (S.D. Ill. Apr. 18, 2007) (quoting *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004)) (noting that "[t]here is a . . . need to be cautious when resorting to inherent powers to justify an action, particularly when the matter is governed by . . . procedural rules.'").  Thus, the Court will sanction Kelly, if it proves to be necessary to do so, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

2.  The Court wishes to emphasize here that its concern at this juncture is solely with the injury that conduct like Kelly's does to the judicial process, not with mere pique.  The undersigned District Judge has reached rather too advanced an age to take very much offense at insults directed to him by disappointed litigants.

Rule 11 provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1). The rule provides further that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "[t]he sanction may include nonmonetary directives" or "an order to pay a penalty into court[.]" Fed. R. Civ. P. 11(c)(4). Finally, "[a]n order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6). Rule 11 applies fully, of course, to pro se litigants. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 n.4 (7th Cir. 1989); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 177-78 (7th Cir. 1985). Also, a court retains jurisdiction to impose Rule 11 sanctions notwithstanding the fact that judgment has been entered in an action and the action has been dismissed. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 153-54 (7th Cir. 1994).

To conclude, Kelly is hereby **ORDERED TO SHOW CAUSE** why he should not be sanctioned under Rule 11 for his October 19 letter to the Court not later than November 19, 2009. As a final matter the Court observes that although, as already has been noted, *Kelly v. Null*, Civil No. 08-322-GPM (S.D. Ill. filed May 1, 2008), is a case related to the above-captioned case and was tried together with this case, it has never been consolidated with this case. Accordingly, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure the Court **CONSOLIDATES** sua sponte Case No. 08-322 with the above-captioned case. *See Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1013-14 (S.D. Ill. 2007) (a court can consolidate cases sua sponte pursuant to Rule 42(a) in the interest of judicial economy). The above-captioned case shall be the lead case, and all further filings in Case No. 08-322 and the above-captioned case shall be in the above-captioned case.

**IT IS SO ORDERED.**

DATED: October 29, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge