IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD B. KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 07-339-GPM |
| ) | |
| **JACOB D. NULL, Lieutenant, et al.,** ) | Consolidated with: |
| ) | CIVIL NO. 08-322-GPM |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On October 29, 2009, the Court ordered Plaintiff Richard B. Kelly, a pro se litigant whose claim for alleged violations of his civil rights was tried by a jury with the undersigned District Judge presiding on October 13-14, 2009, to show cause why he should not be sanctioned for sending the Court an abusive and obscene letter dated October 19, 2009. In the October 29 order the Court reproduced the contents of Kelly's October 19 letter, which the Court attached to the order as an appendix, and the Court sees no reason to repeat the disgusting contents of the letter here. In the October 29 order the Court concluded that, if Kelly is to be sanctioned for his October 19 letter, the proper procedural mechanism by which to do so is Rule 11 of the Federal Rules of Civil Procedure; accordingly, pursuant to Rule 11(c)(1) and (c)(3) the Court ordered Kelly to show cause why he should not be sanctioned for his letter. Kelly now has filed his response to the Court's October 29 order (Doc. 95).[1] Having reviewed the response carefully, the Court rules as follows.

---

1. Kelly's response to the Court's show cause order actually is styled a "motion," although the Court has not docketed it as such.

In the October 29 order the Court recited the provisions of Rule 11 pertinent to this case and sees no reason to do so again here, save to note that the imposition of Rule 11 sanctions is committed to the Court's discretion. *See Berwick Grain Co. v. Illinois Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000); *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 886 (7th Cir. 1992). Also, the Court is mindful that pro se litigants are not to be held to the standards of professional attorneys, a principle that applies, of course, in the context of Rule 11 sanctions. *See* Fed. R. Civ. P. 11 advisory committee's note (noting that in exercising its discretion with respect to sanctions a court should "take account of the special circumstances that often arise in *pro se* situations"); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (sanctions can be imposed on any vexatious litigant but "[s]tatus as a *pro se* litigant may be taken into account"); *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)) (pro se pleadings are to be liberally construed). All of that said, this is not a situation in which the Court is threatening to impose sanctions on Kelly for making a layperson's mistake of law; rather, as is aptly demonstrated by even a cursory glance at Kelly's October 19 letter, Kelly's abuse of the judicial process is gross and obvious to any observer, whether an attorney or otherwise. In the letter, Kelly, who is black, repeatedly accuses the undersigned District Judge of racism and of attempting to influence the jury at the trial on Kelly's civil rights claim against him out of racial bias, a very serious charge, of course, for which Kelly has yet to offer a shred of evidence in support. Also, Kelly makes demeaning comments about the undersigned's longtime court reporter, Molly Clayton, and a former party to this matter, Marvin Powers. Finally, Kelly showers the undersigned with obscene epithets that the Court is pleased not to have to repeat here. There is no serious question in the

Court's mind that Kelly presented a paper to the Court, his October 19 letter, for an improper purpose, e.g., harassment, within the meaning of Rule 11. *See* Fed. R. Civ. P. 11(b)(1); *Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989) (affirming the imposition of Rule 11 sanctions on a pro se litigant who stated in a submission to the trial court that opposing counsel "acted like a little nasty dumb female Mexican pig in heat" and was "nothing but garbage"); *Washington v. Alaimo*, 934 F. Supp. 1395, 1396, 1400 (S.D. Ga. 1996) (imposing Rule 11 sanctions on a pro se party who filed a paper alleging, in terms laced with obscenities, that a judge of the court was corrupt).

In Kelly's response to the Court's show cause order, Kelly manages largely to compound the errors of his October 19 letter. First, Kelly repeats his baseless accusation that the undersigned District Judge is a "bigot" whose racial bias against Kelly led the undersigned to attempt to influence the jury at the trial on Kelly's civil rights claim against Kelly and to hinder Kelly's presentation of his case, partly, Kelly suggests, for reasons of the undersigned's personal convenience. Doc. 95 at 1. Also, Kelly accuses both the undersigned and opposing counsel of deliberately selecting an all-white jury at the trial. *See id.* at 2. Outlandishly, Kelly accuses the undersigned of behaving in an authoritarian manner at trial and attempting to humiliate Kelly before the jury by, inter alia, requiring Kelly not to refer to the undersigned and other parties to the case by their first names at trial. *See id.* at 1.[2] In his response to the Court's show cause order, Kelly continues to refer disrespectfully to Ms. Clayton, *see id.* at 2, and uses foul language that is utterly inappropriate in submissions to a court, terms like "shit" and "nigger," for example. *Id.* at 1, 2. Finally, Kelly states defiantly that,

---

2. In fact, in Kelly's response to the Court's show cause order, Kelly refers to the undersigned as "Judge Patrick." Doc. 95 at 1.

were he to find again that he had been "disrespected" by the Court, he would send the Court another communication along the lines of his October 19 letter. *Id*. at 2. In sum, in his latest submission to the Court Kelly demonstrates both an absence of remorse for his October 19 letter and a willingness to perpetuate the offenses of that letter.[3]

Because the Court already has concluded that Kelly's October 19 letter violated Rule 11, the real question that confronts the Court is the appropriate sanction to apply in this case, a matter in which, as discussed, the Court enjoys wide discretion. The Court judicially notices the records of inmates in the custody of the Illinois Department of Corrections ("IDOC") maintained online by the IDOC at http://www.idoc.state.il.us/subsections/search/default.asp. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006). Those records reflect that Kelly is a prison inmate in the custody of the IDOC who currently is serving a sentence of life imprisonment at the closed maximum security prison at the Tamms Correctional Center, notoriously the most secure prison in Illinois. *See Westefer v. Snyder*, 422 F.3d 570, 573 (7th Cir. 2005) ("Tamms is the highest security prison in Illinois. IDOC designed the conditions there to be harsh, so that the threat of being transferred to Tamms would deter prisoners throughout the system from disobeying prison rules."). The Court's task, therefore, is to craft a sanction that will effectively punish and deter abuse of the judicial process by a person who already is imprisoned for life and who is serving his prison sentence under the "draconian" conditions of a so-called "[s]upermax" prison. *Lagerstrom v.*

---

3. The Court notes in passing that Kelly, in addition to insulting the Court and its employees in his response to the Court's order to show cause, also adopts a curiously magnanimous tone in places, advising the undersigned, for example, that he "love[s]" him. Doc. 95 at 2. Such a remark demonstrates both Kelly's lack of contrition for his October 19 letter (plainly Kelly believes he is more sinned against than sinning in this matter) and his evidently total incomprehension of appropriate standards of demeanor and deportment in addressing the Court.

*Kingston*, 463 F.3d 621, 622, 623 (7th Cir. 2006). Recognizing the Court's dilemma, in his response to the order to show cause Kelly taunts the Court: "If you sanction me, you won't get shit . . . . What you want, another year out me? Hell, I got life. So you'll get a dead body. Want that?" Doc. 95 at 2.

Review of pertinent Seventh Circuit authority leads the Court to conclude that an appropriate sanction in this case is a monetary penalty of $200 to be paid by Kelly to the Clerk of Court, together with a ban on all further filings by Kelly in this Court, with exceptions to be discussed presently, until the penalty is paid. The amount of the penalty seems to the Court to be consistent with and even somewhat on the low side of fines imposed on pro se litigants, including prison inmates, by the United States Court of Appeals for the Seventh Circuit and by sister trial courts in this Circuit in somewhat analogous cases. *See, e.g., Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing a sanction of $500 on an inmate proceeding pro se for raising frivolous arguments in support of a successive petition for habeas corpus relief, and restricting the inmate's ability to make further filings until the fine was paid); *Dominguez v. Figel*, 626 F. Supp. 368, 374 (N.D. Ind. 1986) (imposing a Rule 11 sanction in the amount of $1,500 fine on a litigant who, while proceeding pro se, filed a frivolous civil rights suit); *Williams v. Duckworth*, 617 F. Supp. 597, 602 (N.D. Ind. 1985) (imposing a Rule 11 sanction on a pro se inmate litigant in the amount of $300, consisting of $200 in attorneys' fees and a $100 fine, for filing a frivolous civil rights lawsuit). In arriving at the amount of the penalty in this case, the Court has considered Kelly's ability to pay such a penalty. In this connection, the Court notes that, while it appears at this time that Kelly is indigent, the record of this case shows that Kelly has had sums as large as $912.65 in his inmate trust account as recently as May 2005, suggesting that a $200 penalty is not beyond Kelly's ability

to pay. *See* Doc. 2 at 5. Also, in view of the grossness of Kelly's abuse of the judicial process, and his obvious lack of remorse for that abuse, the Court believes that a monetary penalty in this case must be more than nominal and large enough so that paying it will indeed be somewhat onerous for Kelly, thereby deterring any repetition of Kelly's misconduct by him or others. With respect to a bar on Kelly's filings in this Court, the Seventh Circuit Court of Appeals frequently has endorsed the use of such restrictions on vexatious litigants. *See, e.g., McCready v. eBay, Inc.*, 453 F.3d 882, 892-93 (7th Cir. 2006) (ordering a vexatious pro se litigant to show cause why he should not be fined $2,500 and barred from filing papers in the federal courts of the Seventh Circuit for a period of at least two years); *Montgomery v. Davis*, 362 F.3d 956, 957-58 (7th Cir. 2004) (fining two pro se prison inmates $500 each and ordering the clerks of all federal courts in this Circuit to return unfiled papers submitted by the sanctioned parties until they had paid all outstanding sanctions imposed upon them); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (barring a vexatious pro se litigant from filing new papers in the federal courts of this Circuit for a period of two years). The Seventh Circuit Court of Appeals has instructed that such bars on filings by vexatious litigants should not extend to habeas corpus petitions and criminal cases in which a litigant upon whom a filing restriction has been imposed is a party defendant and that a filing bar should not be of indefinite duration. *See Chapman v. Executive Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 Fed. Appx. 500, 502-03 (7th Cir. 2009); *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008); *In re City of Chicago*, 500 F.3d 582, 584-86 (7th Cir. 2007); *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *United States ex rel. Verdone v. Circuit Ct. for Taylor County*, 73 F.3d 669, 674-75 (7th Cir. 1995); *In re Davis*, 878 F.2d 211, 212-13 (7th Cir. 1989). The Court therefore will sanction Kelly under Rule 11 with the foregoing admonitions in mind.

To conclude, it is hereby **ORDERED** as follows.  Richard B. Kelly, IDOC # B76238, is barred from filing any new papers in this Court until such time as he shall pay to the Clerk of Court a monetary penalty in the amount of $200.  Exempt from this restriction are:  a notice of appeal from this Order; a petition for a writ of habeas corpus; and any papers sought to be filed by Kelly in a criminal case to which Kelly is a party defendant.  Kelly may petition the Court for modification or rescission of this Order not sooner than two years from the date of entry of this Order.  Any papers submitted to the Court by Kelly shall be accompanied by a copy of this Order.

**IT IS SO ORDERED.**

DATED:  November 23, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge