**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICHARD B. KELLY, #B-76238,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL NO. 07-339-GPM** |
| vs. ) | |
| ) | **Consolidated with CIVIL NO. 08-322-GPM** |
| **JACOB D. NULL, et al.** ) | |
| ) | **APPEAL NO. 09-3846** |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff has been granted leave to proceed *in forma pauperis* on appeal. He now seeks preparation of the transcript at no charge for purposes of his appeal.

The relevant statute provides, in pertinent part, that "[f]ees for transcripts furnished in [non-criminal, non-habeas corpus, and non-section 2255] proceedings to persons permitted to appeal in forma pauperis shall … be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Thus, a court must determine that the appeal presents a "substantial question" before allowing a transcript to be provided at no charge. *Handley v. Union Carbide Corp.*, 622 F. Supp. 1065, 1067 (S.D. W.Va. 1985). A "substantial question" within the meaning of 28 U.S.C. § 753(f) is one that is "reasonably debatable." *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959).

Plaintiff provides no specifics in either his motion for transcripts or his notice of appeal. However, in his motion for leave to proceed *in forma pauperis* on appeal, he challenges the undersigned district judge's handling of the trial – specifically, he complains that the Court was

biased against him, that the Court made erroneous evidentiary rulings, and that the jury somehow was "staged" (Doc. 101).  While this Court is confident that Plaintiff will not prevail on these arguments, the trial transcript is necessary to pursue them.  Accordingly, Plaintiff's motion for transcripts to be provided at the Government's expense (Doc. 105) is **GRANTED**.  The Court Reporter **shall** prepare and file the trial transcript in its entirety.[1]

    **IT IS SO ORDERED.**

    DATED:  05/05/10

                                    s/ *G. Patrick Murphy*
                                    G. PATRICK MURPHY
                                    United States District Judge

---

[1] While this Court typically does not require preparation of voir dire, the Court finds it appropriate to do so in this instance.